**Freddie Joseph FORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43282.**

Court of Criminal Appeals of Texas.

Nov. 25, 1970.

John P. Searls, El Paso, for appellant.

Jamie C. Boyd, Dist. Atty., Wanda E. Creamer, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault with intent to rob; the punishment, eight (8) years.

Appellant's court appointed attorney presents one question upon which he contends reversible error is reflected.

He says that appellant was deprived of the benefit of the testimony of a certain unnamed witness during the trial. Aurora Jiminez testified that while pursuing the appellant as he ran from the scene, she enlisted the aid of an unnamed person who did not want to be involved and that of a little boy who was accompanied by a large dog; that the appellant was brought to a halt through threats of the small boy that he would set the dog upon appellant. At this juncture, the unnamed person retrieved the wallet, which the witness Jiminez had identified before and which she identified later, from the appellant's possession. At the time Aurora Jiminez testified, there was no objection to the anonymity of the said witness. We have examined this rec-

ord with care and clearly find that the wallet was identified by the injured party's hospitalization identification card. No effort was made during the trial to ascertain the identity of the unknown person or the little boy. The evidence is amply sufficient to connect the appellant with the offense charged.

At appellant's request, his court appointed attorney on appeal presents appellant's contention that he was deprived of a "preliminary trial." Without a showing that such request was made prior to trial, this contention is not before this Court for review. He further contends that at the punishment stage the district attorney brought out his past record. During the trial it was stipulated that the appellant had been convicted in Galveston, Harris and El Paso Counties for felonies before the commission of this offense. Such evidence was proper at the punishment stage of the hearing.

Finding no reversible error, the judgment is affirmed.